### Westville Coal Company v. Otto Wood, by his Next Friend, etc.

1. EMPLOYER AND EMPLOYE—*Remaining in the Employment After Promise to Repair.*—Where an employe called the attention of his employer to the fact that the place where he worked was not in a proper condition, telling him he would quit his employment unless it was repaired, and was told to get along the best he could and the place would be repaired as soon as possible, and such employe continued in

such employment, and was injured shortly afterward in consequence of such condition, *it was held* that he did not lose his right to recover by remaining in the employment after such promise to repair.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

D. D. EVANS and G. M. McDOWELL, attorneys for the appellant.

WILSON & KENT and MABIN & CLARK, attorneys for the appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for injuries received in the latter's coal mine, in consequence of the alleged negligence of the mine owner to repair certain alleged defects to which attention had been called. The recovery was for $1,000; and to reverse the judgment this appeal has been brought, the chief ground of complaint being that the verdict is not supported by the evidence.

Appellee, being nineteen years of age, was employed to drive a mule and coal car inside the mine. In the entry was a wet or soft place. Cross-bars had been placed there to support the roof. One end of the bar rested in the side of the entry, and the other end was supported by a leg or prop set upon the ground, the latter having settled in the soft mud or earth, so that the cross-bar was too low, and interfered with the back, or rump, of the mule when it passed under it. Appellee testified that he called the attention of the boss to the condition of things, and told him he would quit unless the place was repaired, and was told by the boss to get along the best he could and the place would be repaired as soon as possible. Appellee remained, and shortly after this the mule kicked, in consequence of the touch of the bar upon its back. Appellee dodged the kick of the mule, and in doing so was caught by the low part of the cross-bar, thrown back upon the car load of coal and so injured. We are of the opinion the evidence warranted the

verdict that was returned. After having its attention called to the defective ·condition of its entry, and promising to repair it, appellant was clearly negligent in not doing so. Appellee did not assume the extra hazard, having the right to rely upon the promise of the master to repair. He was not guilty of contributory negligence, as the evidence shows he occupied the usual place of the driver at the time of the injury.

There were no prejudicial errors in the rulings of the court upon the evidence or the instructions to the jury, and the judgment of the Circuit Court will be affirmed.